UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

| | : | |
|---|---|---|
| LARRY W. JANDER, RICHARD J. WAKSMAN, *and all other individuals similarly situated*, | : : : | 15cv3781 |
| | : | ORDER |
| Plaintiffs, | : : | |
| -against- | : : | |
| RETIREMENT PLANS COMMITTEE OF IBM, RICHARD CARROLL, MARTIN SCHROETER, and ROBERT WEBER, | : : : : | |
| Defendants. | : : | |

------------------------------------

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE FOR A FAIRNESS HEARING

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") concerning the IBM 401(k) Plus Plan's ("Plan") investment in the IBM Stock Fund. The terms of the Settlement are set out in the Amended Class Action Settlement Agreement and Release ("Amended Settlement Stipulation").[1]

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of the Settlement filed on April 2, 2021, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of the Class Notice (Exhibit A hereto) and the Summary Notice (Exhibit B hereto) to members of the proposed Settlement Class. Upon reviewing the Amended Settlement Stipulation and the matter having come before the Court

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Amended Settlement Stipulation.

at the April 12, 2021 status conference, this Court hereby ORDERS:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Amended Settlement Stipulation, and pursuant to Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class (the "Settlement Class") for Settlement purposes only:

> All Persons who were participants in or beneficiaries of the IBM 401(k) Plus Plan at any time from January 21, 2014 through and including October 20, 2014, and whose Plan accounts included investments in the IBM Stock Fund.

2. Pursuant to the Amended Settlement Stipulation, and for Settlement purposes only, this Court preliminarily finds that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b) as required by FED. R. CIV. P. 23(a)(2), all of the Settlement Class members' claims depend on a common issue of law or fact.

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class.

(d) as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class.

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not party to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(b)(2), the Named Plaintiffs allege that the Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

(g) as required by FED. R. CIV. P. 23(g), Class Counsel is capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court preliminarily appoints the Named Plaintiffs as the representatives for the Settlement Class, and Zamansky LLC as Class Counsel for the Settlement Class.

4. **Preliminary Approval of Proposed Settlement** – The Amended Settlement Stipulation is hereby preliminarily approved as fair, reasonable and adequate. This Court preliminarily finds that: (a) the Settlement resulted from serious, informed, extensive and arms'-

length negotiations with the assistance of the Mediator; (b) the Amended Settlement Stipulation was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Named Plaintiffs' claims; (c) Class Counsel represent that they believe that the Settlement is fair, reasonable and adequate; and (d) the Settlement is in the best interest of the Named Plaintiffs and the Settlement Class. The Court finds that those Settlement Class members whose claims would be settled, compromised, dismissed, or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

5. **Preliminary Injunction** – The Court preliminarily enjoins: (i) Plaintiffs from bringing in any forum any Plaintiffs' Released Claims against Defendants' Releasees; and (ii) Defendants from bringing in any forum any Defendants' Released Claims against Plaintiffs' Releases.

6. **Fairness Hearing** – A telephonic hearing is scheduled for July 21, 2021 at 11:00 a.m. to make a final determination, concerning among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether the Notice Plan proposed by the Parties: (i) constitutes the best practicable notice; (ii) constitutes notice reasonable calculated, under the circumstances, to apprise the Settlement Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved;

- Whether Class Counsel's application(s) for attorneys' fees and expenses and Case Contribution Award to the Named Plaintiffs is fair and reasonable and should be approved; and

- Whether the Defendants complied with the Class Action Fairness Act ("CAFA")

The telephonic Fairness Hearing shall be organized by an operator-conducted dial-in arranged by Class Counsel, and the date, time, and dial-in information will be included in both the Class Notice and Summary Notice, as well as listed on a website for the Settlement maintained by the Settlement Administrator.

7. **Notice to the Settlement Class** – The Parties have presented to the Court a proposed form of Class Notice, attached hereto as Exhibit A, and a Summary Notice, attached hereto as Exhibit B. The Court finds that both such forms of notice fairly and adequately: (a) describe the terms and effects of the Amended Settlement Stipulation, the Settlement, and the Plan of Allocation; (b) notify the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses to be paid from the Qualified Settlement Fund, payment of the costs of administering the Settlement from the Qualified Settlement Fund, and for a Case Contribution Award of up to $10,000 each for the Named Plaintiffs for their services in such capacity to be paid from the Qualified Settlement Fund; (c) give notice to the Settlement Class of the time and place

of the Fairness Hearing; and (d) describe how the recipients of the Class Notice may object to any of the relief requested. The Parties have proposed the following manner of communicating the Class Notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- By no later than May 14, 2021, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each Settlement Class member who can be identified through reasonable effort.

- By no later than May 14, 2021, cause the Class Notice to be published on the website identified in the Class Notice, which will also host and make available copies of all Settlement-related documents, including the Amended Settlement Stipulation, and litigation-related documents, including the Complaint.

- By no later than May 14, 2021, cause the Summary Notice to be published in *USA Today* and on *PR Newswire*.

8. **Petition for Attorney's Fees and Litigation Expenses and Case Contribution Awards** – Any petition by Class Counsel for attorney's fees, reimbursement of litigation expenses and a Case Contribution Award to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than June 25, 2021. Class Counsel shall include with its petition contemporaneous time-keeping records to be reviewed by the Court in camera. No pre-motion conference shall be required for the motion papers contemplated by this paragraph.

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of Final Approval of the Settlement shall be filed no later than June 25, 2021. No pre-motion conference shall be required for the motion papers contemplated by this paragraph.

10. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Amended Settlement Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and reimbursement of litigation expenses, the payment of costs of administering the Settlement, or to any motion for a Case Contribution Award. An objector must file with the Clerk of this Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector also must serve copies of the objection and all supporting law and/or evidence on Class Counsel and counsel for Defendants, but service upon Class Counsel and counsel for Defendants may be effectuated by electronic mail. The addresses for filing objections with the Court and serving objections on counsel are as follows:

<u>**For Filing:**</u>

Clerk of the Court
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *Jander et al. v. Retirement Plans Committee of IBM et al.*,
No. 1:15-cv-03781-WHP

| **To Class Counsel:** | **To Defendants' Counsel** |
|---|---|
| Jacob H. Zamansky | Lawrence Portnoy |
| Samuel Bonderoff | Michael S. Flynn |
| Edward H. Glenn, Jr. | Lindsay Schare |
| ZAMANSKY LLC | DAVIS POLK & WARDWELL LLP |
| 50 Broadway, 32nd Floor | 450 Lexington Avenue |
| New York, NY 10004 | New York, NY 10017 |
| Telephone: (212) 742-1414 | Telephone: (212) 450-4000 |
| Facsimile: (212) 742-1177 | Facsimile: (212) 701-5800 |
| jake@zamansky.com | lawrence.portnoy@davispolk.com |
| samuel@zamansky.com | michael.flynn@davispolk.com |
| eglenn@zamansky.com | lindsay.schare@davispolk.com |

Any objector or his, her, or its counsel must serve copies of the objection(s) (together with any supporting materials) on counsel listed above and file the objection(s) and supporting materials with the Court no later than seven (7) calendar days before the Fairness Hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney also must serve a notice of appearance on counsel listed above and file it with the Court no later than seven (7) calendar days before the Fairness Hearing. Any Settlement Class member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court and served on opposing counsel no later than three (3) calendar days before the Fairness Hearing. There shall be no reply briefs.

11. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than three (3) calendar days before the Fairness Hearing.

12. No later than seven (7) calendar days before the telephonic Fairness Hearing, the Settlement Administrator shall submit a report outlining the implementation of the Notice Plan, including how many Notices were mailed to Class Members.

13. **Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection may participate at the telephonic Fairness Hearing himself or herself, or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate at the telephonic Fairness Hearing must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than seven (7) calendar days before the Fairness Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to participate at the Fairness Hearing, except for good cause shown.

14. **Service of Objections On Opposing Counsel** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all Objections to the Settlement that come into their possession.

15. **Settlement Payment** – Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the United States District Court for the Southern District of New York is directed to invest the $4,750,000.00 comprising the Settlement Payment, which Defendants shall pay or cause to be paid per the Amended Settlement Stipulation, into an interest-bearing escrow account maintained by the Court Registry Investment System ("CRIS") maintained for the United States

District Court for the Southern District of New York. The Clerk is further directed to provide Defendants with wiring instructions. The Settlement Payment, plus any and all interest earned thereon, shall constitute the Qualified Settlement Fund and will be subject to the terms of the Amended Settlement Stipulation. Any interest earned on the money held in the Qualified Settlement Fund shall be credited by CRIS to the Qualified Settlement Fund. In accordance with Section III.A of the Second Amended Order Regarding the Deposit and Investment of Registry Funds dated December 1, 2016, and Local Civil Rule 67.1, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the money in the Qualified Settlement Fund the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office. The Clerk of the Court shall provide to Class Counsel the monthly statements of interest earned by the Qualified Settlement Fund. These funds shall only be withdrawn from the interest-bearing CRIS account pursuant to an order of this Court in accordance with the terms of the Amended Settlement Stipulation. The Defendants' Releasees shall have no responsibility or liability with respect to money deposited in the CRIS.

16.     **Settlement Administration Expenses** – Subject to the Court's approval, reasonable and actually incurred fees, costs and expenses associated with retaining the Settlement Administrator, providing notices required under CAFA, implementing the Notice Plan, and distributing payments to Settlement Class members shall be paid from the Qualified Settlement Fund as set forth in the Amended Settlement Stipulation. In addition, reasonable and actually incurred fees associated with the Plan's engagement of an Independent Fiduciary to review the Settlement shall also be paid from the Qualified Settlement Fund, as set forth in the Amended Settlement Stipulation, subject to the Court's approval.

17. **Termination of Settlement** – This Order shall become null and void, <u>ab initio</u>, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of February 15, 2021, if the Settlement is terminated in accordance with the terms of the Amended Settlement Stipulation.

18. **Use of Order** – This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have. Moreover, the Amended Settlement Stipulation and any proceedings taken pursuant to the Amended Settlement Stipulation are for settlement purposes only. Neither the fact of, nor any provision contained in, the Amended Settlement Stipulation or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

19. **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

20. **Continuance of Fairness Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice.

Dated: April 28, 2021
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.