UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY W. JANDER, RICHARD J. WAKSMAN, and all other individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RETIREMENT PLANS COMMITTEE OF IBM, RICHARD CARROLL, MARTIN SCHROETER, and ROBERT WEBER,<br><br>Defendants. | Case No. 1:15-cv-03781-WHP |

**DECLARATION OF SAMUEL E. BONDEROFF IN SUPPORT OF PLAINTIFFS'
(1) UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS AND APPROVAL OF
PLAN OF ALLOCATION, AND (2) MOTION FOR AN AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION AND
ADMINISTRATION EXPENSES, AND CASE CONTRIBUTION AWARDS**

I, Samuel E. Bonderoff, hereby make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am a partner in the law firm Zamansky LLC ("Zamansky"), which serves as counsel for Plaintiffs in this litigation. I have been practicing law for 19 years. My firm and I have significant experience in litigating complex class actions, including ERISA class actions. This experience is documented in the resume of my firm, which is attached hereto as Exhibit A.

2. The Court may consider Exhibit A in determining whether to order approval of the proposed class action settlement in this case, particularly in connection with the requirements of Federal Rule of Civil Procedure 23 regarding adequacy of counsel and in weighing counsel's opinion of the Settlement for final approval purposes.

3.      I make this Declaration in support of Plaintiffs' (1) Unopposed Motion for Final Approval of Proposed Settlement, Certification of Settlement Class and Approval of the Plan of Allocation, and (2) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation and Administration Expenses, and Case Contribution Awards. The settlement of this case was achieved through arm's-length negotiations between experienced, competent counsel and with the assistance of respected mediator Robert Meyer. There has been no collusion of any kind between or among any parties to this proposed settlement.

**INVESTIGATION AND LITIGATION**

4.      Plaintiffs Larry W. Jander and Richard J. Waksman ("Named Plaintiffs") brought this action on behalf of themselves and all other Persons who were participants in or beneficiaries of the IBM 401(k) Plus Plan (the "Plan") at any time from January 21, 2014 through and including October 20, 2014 (the "Class Period"), and whose Plan accounts included investments in the IBM Stock Fund (the "Settlement Class"). Zamansky undertook representation of Named Plaintiffs and the Settlement Class on a wholly contingent-fee basis, expending our time and resources with no guarantee of compensation.

5.      Prior to filing the initial complaint in this matter, my firm conducted substantial investigation of the underlying allegations, reviewing, among other things, documents governing the IBM 401(k) Plan, filings with the Securities and Exchange Commission, Department of Labor filings, public statements and news articles.

6.      Prior to the commencement of discovery in this case, the parties litigated the sufficiency of Plaintiffs' complaint for approximately five years. This issue was litigated before this Court twice, the Second Circuit Court of Appeals twice, and the United States Supreme Court.

After the Supreme Court declined, on November 9, 2020, to grant certiorari for a second time the case moved into discovery.

7. Both sides in this case have served document requests and interrogatories on each other. Defendants have produced several hundred pages of documents so far, largely consisting of records and communications relating to the IBM Retirement Plans Committee and its operation, as well as voluminous spreadsheets reflecting the purchases, sales and ownership of IBM Stock Fund shares during the relevant time period. These spreadsheets were used by my firm, in consultation with our retained expert, to calculate the potential scope of damages available in this case.

8. Parallel to the then-ongoing discovery, the parties discussed the possibility of exploring settlement through mediation. Robert Meyer, a well-respected and experienced mediator affiliated with JAMS Mediation, Arbitration and ADR Services ("JAMS"), was selected with the mutual assent of the parties to be the case mediator. Mr. Meyer facilitated negotiations over the course of several days in February 2021 and the parties ultimately agreed to terms of settlement on February 19, 2021.

9. In light of my firm's experience, investigation, review of discovery, legal research, and consultation with our expert, we believe that this settlement is fair and reasonable and constitutes an excellent result for the Plan and the Settlement Class. This conclusion is also based on our understanding of the probable risks and costs presented by continued litigation, which could potentially result in a lower or nonexistent recovery for the Plan and the Settlement Class. These factors are discussed in greater detail in the Memorandum requesting final approval of the Settlement concurrently filed herewith.

10.     I believe that the Settlement terms in this Action are fair, reasonable and adequate. I also note that, upon reaching an agreement in principle which led to the Settlement, the Parties continued to negotiate the terms of the Settlement before reaching a final agreement. I believe that, given the nature of the claims pursued, the years of active litigation, the legal uncertainties facing the Settlement Class, the highly skilled and experienced legal team representing the Defendants, and, most important, the excellent results achieved, the requested fee and reimbursement of expenses are reasonable.

11.     Our firm has conferred with each Named Plaintiff and they each support the proposed Settlement.

## **THE SETTLEMENT**

12.     The Amended Class Action Settlement Agreement and Release (Dkt. 117) (the "Stipulation"), executed by the parties on April 21, 2021, provides for a $4.75 million cash payment to be made to a Qualified Settlement Fund (as that term is defined in the Stipulation) for the benefit of the Settlement Class. Capitalized terms note defined herein have the meeting assigned to them in the Stipulation.

13.     The Settlement, along with all relief sought in the Motions, is being reviewed by an independent fiduciary (the "Independent Fiduciary"). If the Independent Fiduciary does not approve of the Settlement, or objects to any aspect of the Motions, including the Plan of Allocation, the Court will be notified unless Defendants waive their rights with respect to the same.

## **SETTLEMENT ADMINISTRATION**

14.     Pursuant to the Court's April 28, 2021 Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, Preliminarily Approving Plan of Allocation, and Scheduling a

Date for a Fairness Hearing (the "Preliminary Approval Order"), Rust Consulting, Inc. ("Rust Consulting") has been retained as the Settlement Administrator and to supervise and administer effectuation of the Notice Plan by the Settlement Administrator. See Dkt. No. 76 at ¶ 7. Rust Consulting effectuated individual notice of the Settlement on May 14, 2021, and publication notice of the settlement on May 14, 2021 in USA Today. Additionally, Rust Consulting launched a dedicated settlement website, jandervibmsettlement.com, which has allowed Settlement Class members to access the Notice documents, Fourth Amended Complaint, Stipulation, Plan of Allocation, and Preliminary Approval Order. Further details on the Notice process are set forth in the Declaration of Sara Schwermer-Sween of Rust Consulting, a true and correct copy of which is attached as Exhibit B.

15.     As set forth in the Declaration of Lawrence Portnoy (of Davis Polk & Wardwell LLP, counsel for Defendants), a true and correct copy of which is attached as Exhibit C, Defendants have complied with the Class Action Fairness Act.

**ATTORNEYS' FEES AND EXPENSES**

16.     Zamansky was directly involved in all aspects of this litigation as described above. The total number of hours spent by Zamansky attorneys working on the Action to date is 992. The total dollar value of Zamansky's time is $829,662, based on the hourly rates regularly charged by Zamansky to its hourly fee paying clients. These rates have been routinely approved by courts that have awarded attorneys' fees to Zamansky in class action cases.

    a. Set forth below is the amount of time spent by Zamansky attorneys in connection with the Action, as reflected in the contemporaneous records of the firm. This time does not include time spent on attorneys' fee matters. This time also includes 3 hours of para-professional time:

| Attorney | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Jacob H. Zamansky | 93.70 | $950 | $89,015 |
| Samuel E. Bonderoff | 625.08 | $850 | $531,318 |
| Edward H. Glenn, Jr. | 83.24 | $850 | $70,754 |
| James Ostaszewski | 10.50 | $750 | $7,875 |
| Matthew P. Hendrickson | 160.00 | $750 | $120,000 |
| Derek McNally | 5.50 | $750 | $4,125 |
| Justin Sauerwald | 11 | $550 | $6050 |
| Ingrid Senno | 3.00 | $150 | $525 |
| Total: | | | $829,662 |

b. In addition to the lodestars reflected above, based upon prior analogous settlements, Zamansky will be required to spend substantial additional time administering the settlement, working with the Settlement Administrator, and responding to questions from members of the Settlement Class about distributions.

c. Zamansky has incurred a total of $90,861.89 in reasonable, customary and necessary expenses in connection with the prosecution of the Action from inception through the date hereof, which have not been reimbursed. The expenses incurred by Zamansky in this litigation are reflected in the firm's books and records prepared from expense vouchers, check records, and other source materials and are an accurate recordation of the expenses incurred. These expenses are broken down as follows.

| Expense Description | Cumulative Total |
|---|---|
| JAMS (Mediation Fees) | $7,925 |
| Lexis, CourtLink, and PACER | $1,481.17 |
| Cert Petition Consultant | $13,770 |
| In-Office Copying | $3,968.59 |
| Printing (Appellate Filings) | $14,252.20 |
| Court Filing Fees | $3,604.87 |
| Transcript Fees | $245.43 |
| Damages Expert Fee | $36,780.00 |
| Long distance telephone, fax, and Internet | $250.00 |
| Federal Express Overnight Delivery | $427.60 |
| Travel | $6,608.48 |

| Expense Description | Cumulative Total |
|---|---|
| Electronic Discovery Management | $1,548.55 |
| TOTAL: | $90,861.90 |

## CASE CONTRIBUTION AWARDS FOR NAMED PLAINTIFFS

17. Plaintiffs respectfully request that the Court grant a Case Contribution Award of $10,000 each to Larry W. Jander and Richard J. Waksman. Attached hereto is a true and correct copy of the:

   a. Declaration of Larry W. Jander in Support of Plaintiffs' Motions for (1) Final Approval, and (2) Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards as Exhibit D;

   b. Declaration of Richard J. Waksman in Support of Plaintiffs' Motions for (1) Final Approval, and (2) Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards as Exhibit E;

18. Exhibits D and E are collectively referred to herein as the "Named Plaintiffs' Declarations."

19. As demonstrated by the Named Plaintiffs' Declarations, the Named Plaintiffs expended substantial effort and significant time prosecuting this action over the last several years. The Named Plaintiffs stepped forward and pursued the Class's interests by filing suit on behalf of the members of the Settlement Class and on behalf of the Plan, undertaking the responsibilities attendant with serving as class representatives, and undertaking certain risks as outlined in the memorandum in support of the Fee and Expenses Motion.

20. Specifically, each of the Named Plaintiffs searched their files for relevant records, obtained copies of documents concerning the Plan and provided information to counsel to assist

in the preparation and litigation of this case. Further, Class Counsel provided the Named Plaintiffs with all material filings, related documents and correspondence describing the progress in the case. The Named Plaintiffs also helped make strategic decisions, including negotiation and approval of the Settlement terms. In short, the Named Plaintiffs were extremely active in the case, and devoted a substantial amount of time and energy over a number of years in assisting in the successful prosecution of this litigation.

    I declare under penalty of perjury that the forgoing is true and correct.

Executed: June 25, 2021

                                                /s/ Samuel E. Bonderoff
                                                Samuel E. Bonderoff