UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LARRY ZANDER AND RICHARD J.
WAKSMAN

                        Plaintiffs,

  -against-                                                    15 civ. 3781 (CM)

RETIREMENT PLANS COMMITTEE OF
IBM, RICHARD CARROLL, MARTIN SCHROETER
AND ROBERT WEBER,

                        Defendants.

------------------------------------------------------------X

                                NOTICE TO COUNSEL

McMahon, J.:

       Counsel, as you know this matter was assigned to me after Judge Pauley's untimely death last summer. Shortly before he died, Judge Pauley had signed the order preliminarily approving the settlement of this case. I granted the motion to give final approval to the settlement on July 22, 2021 (Docket #135). After that point, there remained nothing to be done except various administrative matters. And I have entered two orders – one on January 6, 2022 and one on February 24, 2022 – disbursing the previously approved settlement funds.

       It seems that my elaborate conflict checking system has failed me in the instance of this case. My husband purchased stock in IBM on December 21, 2021 – many months after I had approved the settlement, but shortly before I signed the disbursement orders that were contemplated by the approved settlement. My deputy clerk and my outside accountant picked up on an IBM case that was on my docket and I immediately recused myself therefrom. However, they did not pick up on this case – possibly because it is the Retirement Plans Committee that is a party, not IBM itself; more likely because the Clerk of Court marked the case "closed" on July 22, 2021 (Docket #135) – which means it did not appear on the list of open cases that we check regularly for conflicts. I noticed this for the first time this morning, when plaintiffs presented me with an order seeking approval to deposit the unclaimed settlement funds.

       As neither my husband nor I has any financial interest in the IBM Retirement Plans, which are entities separate and apart from the corporation, I recognize that, technically, no financial conflict of interest was created by my husband's purchase of IBM stock five months after the approval of the settlement. Frankly, I don't even think that there could be any reasonable

appearance of impropriety in my entering further purely administrative orders in this closed case; the terms of the settlement were already agreed to and approved by the court, and whatever impact the settlement might have had on IBM's stock (I doubt there was any) occurred last July, months before my husband owned the stock. However, had anyone on my ace conflicts team caught this (I do not rely on the Clerk of Court for this purpose), I would likely have asked the Assignment Committee to reassign the case, so that another judge could enter the administrative orders that were needed to conclude the settlement. I would at the very least have consulted with you to see whether you thought it advisable that I recuse myself in the circumstances.

I can think of no way to rescind the two orders approving the disbursement of funds that were entered after my husband's purchase of IBM stock; the money has already been disbursed and I doubt that you want to claw it back. That said, at this point, the prudent course is to ask the Assignment Committee to reassign the case for the entry of any further administrative orders that may be required in order to effectuate the rest of the settlement. I will refer your July 11, 2022 letter motion to that judge for signature. If you wish, you may ask the newly assigned judge to review the disbursement motions that I granted last January and February and enter new orders authorizing the disbursement of funds *nunc pro tunc*.

I apologize for this. And I emphasize again that there was no conflict – my husband owned no IBM stock – when I gave final approval to the settlement last July.

*[Signature]*

U.S.D.J.

Dated: 7/14/2022

BY ECF TO ALL COUNSEL